U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

AUG 25 2022

CLERK U.S. DISTRICT COURT
By: _____
           Deputy

UNITED STATES OF AMERICA

v.

MYRON LYNN MATTHEWS Jr. (01)
LATOYAL LANELL BRYANT (02)

No. 4:22-MJ-_704_

## CRIMINAL COMPLAINT

Conspiracy to Possess a Controlled Substance with Intent to Distribute

Beginning in or before January 2022, and continuing until on or about August 24, 2022, in the Fort Worth Division of the Northern District of Texas, and elsewhere, the defendants, **Myron Lynn MATTHEWS Jr.** and **Latoyal Lanell BRYANT**, along with others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B), namely to possess with intent to distribute 40 grams or more of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance.

In violation of 21 U.S.C. § 846 (21 U.S.C. §§ 841(a)(1) and (b)(1)(B)).

I, the undersigned Complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

1. In August 2022, Homeland Security Investigations met with a Cooperating Defendant (herein after referred to as CD) regarding drug trafficking in the Fort Worth, Texas area. The CD identified **Myron Lynn MATTHEWS Jr.**, (herein after referred to as **MATTHEWS**) as an individual that was actively involved in the distribution of large amounts of fentanyl (M-30s). The CD advised that since January 2022 he/she had been purchasing different amounts of fentanyl pills (anywhere from 40 to 200 to 1,000 pills) from **MATTHEWS** at XXX S. Jennings Apt. 2201, Fort Worth, Texas.

Criminal Complaint – Page 1

On August 24, 2022, HSI Special Agents and investigators assigned to the Fort Worth Police Department (FWPD) Narcotics Unit met with the CD at a predetermined location. On the same date, HSI agents directed the CD to conduct a controlled purchase of 1,000 fentanyl pills for $2,800 from **MATTHEWS**. The CD said he/she would purchase the fentanyl pills at XXX S. Jennings Apt. 2201, Fort Worth, Texas. Investigators received information that this address was where **MATTHEWS's** girlfriend, **Latoyal Lanell BRYANT** was residing (herein after referred to as **BRYANT**). The CD consented to a visual and physical search of his/her person/vehicle by HSI agents to ensure no illegal narcotics were currently concealed. The CD was then supplied with monetary funds approved by HSI for the purchase of illegal narcotics, namely fentanyl pills. While enroute to a predetermined location, the CD received an unexpected text message from **MATTHEWS** who informed the CD that he had the fentanyl pills on hand for distribution. **MATTHEWS** agreed to sell the CD the 1000 fentanyl pills, however, **MATTHEWS** changed the meeting location to XXXX E. Cannon, Fort Worth, Texas.

2.  The CD said that he/she had been to this location on several occasions to obtain fentanyl pills from **MATTHEWS**, but that he/she usually met **MATTHEWS** at the XXX S. Jennings Apt. 2201 to obtain the fentanyl pills. The CD then traveled directly to XXXX E. Cannon Street where he/she parked on the street nearby. The CD then made his/her way to the front door of the residence and entered the residence. The CD exited the residence approximately 15 minutes later and departed the location. The CD did not make any stops along the way.

Criminal Complaint – Page 2

The CD then met with investigators at a predetermined location where the CD relinquished a clear plastic baggie containing multiple small blue pills with "M" on one side and "30" on the other side. Investigators debriefed the CD, who said that upon arriving at the residence he/she was let into the residence by an unknown black male. Once inside the residence the CD met with **MATTHEWS** and handed **MATTHEWS** the $2,800. The CD said that in return he/she was handed a clear plastic baggie containing multiple small blue pills believed to be fentanyl. FWPD Narcotics Officer W. Snow conducted a field test of a blue pill using the MobileDetect fentanyl test kit. Upon testing the pill, Officer W. Snow received a presumptive positive result for fentanyl. Agents recovered approximately 973 fentanyl pills from CD.

3. With this information, investigators obtained and executed a state search warrant for XXX S. Jennings, Apt., 2201, Fort Worth, as well as XXXX E. Cannon Street. The FWPD SWAT Team executed the search warrant at XXXX Cannon Street, where agents/officers found approximately several hundred blue M-30 pills scattered all over the Cannon Street residence, starting in the living room and continuing to the bathroom where the occupants of the residence were flushing pills down the toilet. Agents/officers also made contact with **MATTHEWS** who was taken into custody and transported to the FWPD Central Sub Station, located at 1289 Hemphill, Fort Worth, Texas for questioning. Prior to any questioning, **MATTHEWS** was read his Miranda Statement of Rights which MATTHEWS waived and volunteered to speak with agents.

4. **MATTHEWS** said he currently resides at XXXX E. Bessie, Fort Worth, Texas. When asked how he was associated with the address at XXX S. Jennings, Apt., 2201, **MATTHEWS** said the apartment belonged to his girlfriend, **Latoyal BRYANT**.

MATTHEWS admitted to having firearms, methamphetamine, and cocaine inside the master bedroom closet at BRYANT'S residence. When MATTHEWS was asked to elaborate on what type of drugs were in the apartment, MATTHEWS said there was approximately one-half kilogram of methamphetamine, some cocaine, and a couple of firearms in a green bag in the master bedroom closet. MATTHEWS also admitted to purchasing and distributing one (1) kilogram of methamphetamine every two weeks for the last four (4) months.

5. This information was relayed to the investigators who were conducting a search of the residence at XXX S. Jennings, Apt., 2201. The investigators at the apartment were unable to locate the firearms and the drugs described by MATTHEWS. Agents also questioned BRYANT, who said (post-Miranda) she removed the illegal narcotics and firearms from her apartment to her mother's apartment in the same apartment complex. BRYANT also said that she threw away the green bag that concealed the illegal narcotics in the trash dumpster. Investigators located the illegal narcotics and the firearms hidden by BRYANT, along with the green bag that was found in the garbage. In total, agents/officers found approximately 755 grams of methamphetamine, three (3) AR-15 style rifles, approximately 278 grams of powder cocaine, approximately 48 grams of crack cocaine, and approximately 150 blue M-30 pills at BRYANT'S mother's apartment, which was hidden in a closet.

*[Continued on next page]*

6.  Although I have not listed all the facts regarding the numerous offenses of **Myron Lynn MATTHEWS Jr.** and **Latoyal Lanell BRYANT**, I believe that the facts stated here establish probable cause that **Myron LYNN MATTHEWS Jr.** and **Latoyal Lanell BRYANT** have committed a violation of 21 U.S.C. § 846, Conspiracy to Possess Fentanyl with the intent to distribute.

_____
Jeffrey V. Witonski
Special Agent
Homeland Security Investigations

SWORN AND SUBSCRIBED before me on this 25th day of August 2022, at 9:53 am, in Fort Worth, Texas.

_____
HAL R. RAY, JR.
UNITED STATES MAGISTRATE JUDGE