ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

OCT 12 2022

CLERK, U.S. DISTRICT COURT
By _____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

NO. 4:22-CR-275-P

MYRON LYNN MATTHEWS, JR. (01)

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Myron Lynn Matthews, Jr. ("Defendant"), Harry White, Defendant's attorney, and

the United States of America ("Government"), agree as follows:

1.    Rights of Defendant: Defendant understands that he has the right

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his
        defense; and

    e.    against compelled self-incrimination.

2.    Waiver of Rights and Plea of Guilty: Defendant waives these rights and

pleads guilty to the offense alleged in Count One of the Superseding Information,

charging a violation of 21 U.S.C. § 841, that is, possession of a controlled substance with

intent to distribute. Defendant understands the nature and elements of the crimes to

which he is pleading guilty, and agrees that the factual resume he has signed is true and

will be submitted as evidence.

**Plea Agreement – Page 1 of 5**

3.    Sentence:  The penalties the Court can impose include:

    a.    imprisonment for a period of not less than five (5) years and not
          more than forty (40) years;

    b.    a fine not to exceed $5,000,000;

    c.    a mandatory term of supervised release of not less than four (4)
          years, which may be mandatory under the law and will follow any
          term of imprisonment.  If the defendant violates any condition of the
          term of supervised release, the Court may revoke such release term
          and require that the defendant serve an additional period of
          confinement;

    d.    a mandatory special assessment of $100;

    e.    restitution to victims or to the community, which may be mandatory
          under the law, and which Defendant agrees may include restitution
          arising from all relevant conduct, not limited to that arising from the
          offense of conviction alone; and

    f.    costs of incarceration and supervision.


4.    Court's Sentencing Discretion and Role of the Guidelines:  Defendant

understands that the sentence in this case will be imposed by the Court after

consideration of the United States Sentencing Guidelines.  The guidelines are not

binding on the Court, but are advisory only.  Defendant has reviewed the guidelines

with his attorney, but understands no one can predict with certainty the outcome of the

Court's consideration of the guidelines in this case.  Defendant will not be allowed to

withdraw his plea if his sentence is higher than expected.  Defendant fully understands

that the actual sentence imposed (so long as it is within the statutory maximum) is

solely in the Court's discretion.

5.     Mandatory special assessment: Defendant agrees to pay to the U.S. District Clerk the amount of $100.00, in satisfaction of the mandatory special assessment in this case.

6.     Defendant's agreement: Defendant shall give complete and truthful information and/or testimony concerning his participation in the offense of conviction. Upon demand, Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding his capacity to satisfy any fines or restitution.

7.     Government's Agreement: The government will not bring any additional charges against Defendant based upon the conduct underlying and related to the Defendant's plea of guilty.  After sentence is imposed, the government will move to dismiss any remaining counts of the indictment against the Defendant.  This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against Defendant or any property.

8.     Violation of Agreement: Defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the Government will be free from any obligations of the agreement and free to prosecute Defendant for all offenses of which it has knowledge.  In such event, Defendant waives any objections based upon delay in prosecution.  If the plea is vacated or withdrawn for any reason other

than a finding that it was involuntary, Defendant waives objection to the use against him of any information or statements he has provided to Government and any resulting leads.

9. Voluntary Plea: This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

10. Waiver of right to appeal or otherwise challenge sentence: Defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal from his conviction and sentence. He further waives his right to contest his conviction and sentence in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. Defendant, however, reserves the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing, (b) to challenge the voluntariness of his plea of guilty or this waiver, and (c) to bring a claim of ineffective assistance of counsel.

11. Representation of Counsel: Defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation. Defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement. Because he concedes that he is guilty, and after conferring with his lawyer, Defendant has

concluded that it is in his best interest to enter into this plea agreement, and all of its terms, rather than to proceed to trial in this case.

12.  Entirety of Agreement:  This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 4th day of October, 2022.

CHAD MEACHAM
UNITED STATES ATTORNEY

_____
MYRON LYNN MATTHEWS, JR.
Defendant

_____
SHAWN SMITH
Assistant United States Attorney
Texas State Bar No. 24033206
801 Cherry Street, Suite 1700
Fort Worth, Texas 76102
Telephone:  817.252.5200
Facsimile:  817.252.5455

_____
HARRY WHITE
Attorney for Defendant

_____
ALEX LEWIS
Deputy Criminal Chief

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.  I fully understand it and voluntarily agree to it.

_____          September 30, 2022
MYRON LYNN MATTHEWS, JR.          Date

I am the defendant's counsel.  I have carefully reviewed every part of this Plea Agreement with the defendant.  To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____          September 30, 2022
HARRY WHITE                              Date
Attorney for Defendant

**Plea Agreement – Page 5 of 5**