# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
Fort Worth Division

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE** |
| v. | Case Number: 4:22-CR-00275-P(01) |
| | U.S. Marshal's No.: 18536-510 |
| MYRON LYNN MATTHEWS, JR. | Shawn Smith, Assistant U.S. Attorney |
| | Harry White, Attorney for the Defendant |

On October 12, 2022 the defendant, MYRON LYNN MATTHEWS, JR., entered a plea of guilty as to Count One of the Superseding Information filed on October 4, 2022. Accordingly, the defendant is adjudged guilty of such Count, which involves the following offense:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) | Possession of a Controlled Substance with Intent to Distribute | 8/24/2022 | One |

The defendant is sentenced as provided in pages 2 through 5 of this judgment. The sentence is imposed pursuant to Title 18, United States Code § 3553(a), taking the guidelines issued by the United States Sentencing Commission pursuant to Title 28, United States Code § 994(a)(1), as advisory only.

The defendant shall pay immediately a special assessment of $100.00 as to Count One of the Superseding Information filed on October 4, 2022.

Upon motion of the Government, all remaining Counts are dismissed, as to this defendant only.

The defendant shall notify the United States Attorney for this district within thirty days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

Sentence imposed February 15, 2023.

_____
MARK T. PITTMAN
U.S. DISTRICT JUDGE

Signed February 15, 2023.

Judgment in a Criminal Case  Page **2** of **5**
Defendant:  MYRON LYNN MATTHEWS, JR.
Case Number:  4:22-CR-00275-P(1)

## IMPRISONMENT

The defendant, MYRON LYNN MATTHEWS, JR., is hereby committed to the custody of the Federal Bureau of Prisons (BOP) to be imprisoned for a term of **Three Hundred Sixty (360) months** as to Count One of the Superseding Information filed on October 4, 2022. This sentence shall run consecutively to any future sentence which may be imposed in has Case Nos. 1743629D, 1743631D and 1736304D pending out of the 371st Judicial District Court, Tarrant County, Texas.

The Court recommends to the Bureau of Prisons that the defendant be allowed to participate in the Residential Drug Treatment Program, Life Connections Program, and Vocational Training, specifically, CDL, Plumbing, and Carpentry Training, if eligible. The Court further recommends that the defendant be incarcerated at a facility within the Dallas, Fort Worth, TX area, if possible.

The defendant is remanded to the custody of the United States Marshal.

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **Four (4) years** as to Count One of the Superseding Information filed on October 4, 2022.

While on supervised release, in compliance with the standard conditions of supervision adopted by the United States Sentencing Commission, the defendant shall:

1) The defendant shall report to the probation office in the federal judicial district where he or she is authorized to reside within 72 hours of release from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame;

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when to report to the probation officer, and the defendant shall report to the probation officer as instructed;

3) The defendant shall not knowingly leave the federal judicial district where he or she is authorized to reside without first getting permission from the court or the probation officer;

4) The defendant shall answer truthfully the questions asked by the probation officer;

5) The defendant shall live at a place approved by the probation officer. If the defendant plans to change where he or she lives or anything about his or her living arrangements (such as the people the defendant lives with), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

6) The defendant shall allow the probation officer to visit the defendant at any time at his or her home or elsewhere, and the defendant shall permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observed in plain view;

7) The defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the probation excuses the defendant from doing so. If the defendant does not have full-time employment, he or she shall try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about his or her employment (such as the position or the job responsibilities), the defendant shall notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant shall notify the probation officer within 72 hours of becoming aware of a change or expected change;

8) The defendant shall not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant shall not knowingly communicate or interact with that person without first getting the permission of the probation officer;

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant shall notify the probation officer within 72 hours;

10) The defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed , or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers);

11) The defendant shall not act or make an agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court;

12) If the probation officer determines that the defendant poses a risk to another person (including an organization), the probation officer may require the defendant to notify the person about the risk and the defendant shall comply with that instruction. The probation officer may contact the person and confirm that the defendant has notified the person about the risk; and,

13) The defendant shall follow the instructions of the probation officer related to the conditions of supervision.

In addition the defendant shall:

   not commit another federal, state, or local crime;

   not possess illegal controlled substances;

   not possess a firearm, destructive device, or other dangerous weapon;

   cooperate in the collection of DNA as directed by the U.S. probation officer;

submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court;

pay the assessment imposed in accordance with 18 U.S.C. § 3013; and,

participate in an outpatient program approved by the probation officer for treatment of narcotic or drug or alcohol dependency that will include testing for the detection of substance use, abstaining from the use of alcohol and all other intoxicants during and after completion of treatment, contributing to the costs of services rendered (copayment) at the rate of at least $25 per month.

## FINE/RESTITUTION

The Court does not order a fine or costs of incarceration because the defendant does not have the financial resources or future earning capacity to pay a fine or costs of incarceration.

Restitution is not ordered because there is no victim other than society at large.

Judgment in a Criminal Case Page **5** of **5**
Defendant: MYRON LYNN MATTHEWS, JR.
Case Number: 4:22-CR-00275-P(1)

**RETURN**

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
United States Marshal

BY _____
Deputy Marshal